The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | No. 2:18-cv-0939 (MJP) |
| Plaintiffs, | **DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, TRANSFER VENUE, OR, ALTERNATIVELY, HOLD THE CASE IN ABEYANCE** |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | Noted For Consideration: August 3, 2018 |
| | Oral Argument Requested |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

## INTRODUCTION

Defendants hereby move the Court to dismiss,[1] or, alternatively, transfer or stay this Court's proceedings pending the resolution of the nationwide class action in *Ms. L. v. ICE*, No. 18-cv-428 (S.D. Cal.).[2] The complaint (Dkt. 1) and Motion for Expedited Discovery (Dkt. 15), both reveal that Plaintiffs, 17 States and the District of Columbia (hereinafter, "the States"), wish to take sweeping and burdensome discovery on the same issues that have already been preliminarily addressed and largely resolved in *Ms. L.*, where a nationwide class of parents with children who were separated from them has been certified and ongoing compliance and reporting requirement have been implemented by the district court. Under the circumstances here, where a class has been certified to address the same claims brought by those directly impacted by the challenged policy, further litigation in this Court will serve to interfere with the orderly administration of the *Ms. L.* class action, its injunction, and potentially risk inconsistent adjudications and obligations tied to the same claims. *See Ms. L.*, Order Granting Plaintiffs' Motion For Classwide Preliminary Injunction ("June 26 Order"), Dkt. 83, at 22–24. With substantial overlap between *Ms. L.* and this case, this Court should dismiss this case out of comity. The same concerns would support transferring the States' case to the Southern District of California under 28 U.S.C. § 1404(a). Alternatively, and at a minimum, the Court should stay the instant litigation until either the *Ms. L.* case has further progressed or until threshold issues of justiciability in this case have been decided.

First, where parallel, overlapping litigation exists and where a nationwide class that has already been certified is underway, multiple doctrines of comity direct that dismissal, transfer, or holding a case in abeyance are appropriate "to avoid the waste of duplication, to avoid rulings

---

[1]   The United States moves to dismiss only to the extent it seeks dismissal of claims already subject to the *Ms. L.* litigation or to transfer such claims to that litigation. If this motion is denied, it reserves the right to file a motion to dismiss raising other threshold issues in due course. *See, e.g., Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 & n.2 (9th Cir. 1988) ("We agree … [that the] motion to dismiss or stay was not a Rule 12(b) motion and accordingly the Defendants' March 12(b)(6) motion was not barred by Rule 12(g).... [T]he January motion urged the district court to stay or dismiss the action because of a pending state court action involving the same subject matter. The district court therefore erred in holding that the second motion violated Rule 12(g)." (citing *Butler v. Judge of the U.S. Dist. Ct.*, 116 F.2d 1013, 1016 (9th Cir. 1941))).

[2]   In accordance with LR 7(d), this is a third Friday motion. Defendants respectfully request that to the extent the Court wishes to hold argument on Plaintiffs' Motion for Expedited Discovery (Dkt. 15), that the Court consolidate the arguments and have them both heard at a date suitable for a third Friday motion. *See* Motion to Renote and Consolidate (Dkt. 23).

---

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result." *See, e.g., Panasonic Corp. v. Patriot Sci. Corp.*, No. 05-cv-4844, 2006 WL 709024 at *2 (N.D. Cal. Mar. 16, 2006). This is particularly true where a class has been certified on behalf of the very individuals whose interests the States invoke in this case. *See, e.g., Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979) (dismissal appropriate where "the complainant is a member in a class action seeking the same relief"); *accord Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications"). That is a heightened concern where indispensable parties (here, the parents of separated children—the actual individuals allegedly harmed) are already bringing a nationwide class action on behalf of a certified class that was certified the same day this case was filed, and where that class has secured a nationwide injunction requiring much of the same relief and reporting requirements as those sought by third parties purporting to act on that class's behalf in this case. And because *Ms. L.* has been proceeding for nearly five months, the first-to-file rule favors either dismissal or transferring the case with respect to the identical or similar claims.[3] Similar concerns lie at the heart of the Supreme Court's decision in *Colorado River Water Conservation District v. United States*: "As between federal district courts ... the general principle is to avoid duplicative litigation." 424 U.S. 800, 817 (1976); *see also United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001) (noting how the "chief concern [i]s with avoiding piecemeal litigation").

Second, this case should be transferred because "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [28 U.S.C.] § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990). Here, it is inconceivable that the convenience factors to be considered under Section 1404(a) would not militate towards transfer given the certification of the class in *Ms. L.* and the entry of a nationwide injunction and ongoing compliance requirements, and how far that litigation has already progressed. Proceeding with another lawsuit

---

[3] Moreover, the Court should assure itself of its jurisdiction before taking any action. See *infra* at 15–17; *see also* Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery, at 6–10 (Dkt. 21).

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1   "involving precisely the same issues" would be inefficient, *id.*, sap the resources of the Court and

2   the parties, interfere with compliance with the *Ms. L.* injunction, and potentially result in

3   inconsistent rulings on procedural, discovery, and substantive issues overlapping in both cases.

4   Third, even if the Court declines to dismiss or transfer the claims at issue, the Court should

5   stay the States' case because issues being litigated in *Ms. L.* "bear upon the case." *Leyva v. Certified*

6   *Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Allowing the issues in *Ms. L.* to be decided

7   first would be especially prudent where, as here, a class action has been certified whose members

8   include the very same individuals the States now purport to represent—albeit without the

9   important protections afforded to both plaintiffs and defendants by the class action form of action.

10  Aside from furthering the federal government's abilities to comply with the injunctive relief already

11  granted to the *Ms. L.* class, the States, by contrast, will not be harmed.

12  ## BACKGROUND

13  This case arises in the wake of a previously filed class action lawsuit seeking substantially

14  similar relief. Far from needing to file another federal lawsuit, *Ms. L.* is currently being litigated by

15  the actual individuals the States here purport to represent as *parens patriae*, albeit by using a form of

16  action that disregards normal rules regarding class action and mandatory joinder. Indeed, those

17  individuals have already secured class certification and an injunction requiring reunification with

18  their children. The chronology of the cases shows that allowing this case to proceed will only cause

19  confusion and overlapping obligations given the class certification and class-wide relief granted by

20  another court. In contrast, the States have only just filed this duplicative litigation and seek

21  burdensome and intrusive discovery upon the very same agencies now tasked with implementing

22  *Ms. L.*'s preliminary injunction.

23  ### I.   The First Filed Case In The Southern District of California.

24  On February 26, 2018, Ms. L. filed suit in the Southern District of California. *See Ms. L.*,

25  No. 18-cv-428 (S.D. Cal.), Dkt. 1. On March 9, the *Ms. L.* plaintiffs filed an amended complaint, a

26  motion for preliminary injunction, and a motion for class certification. *See Ms. L.*, No. 18-cv-428

27  (S.D. Cal.), Dkt. 32, 35, and 48. The *Ms. L.* plaintiffs have asserted the following causes of action:

28  (1) the separation of the class members from their children violates procedural and substantive due

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

process under the Fifth Amendment; (2) the current practices regarding separation of class members from their children is arbitrary and capricious, thus violating the Administrative Procedure Act ("APA"); and (3) separation of families violates the federal laws that provide for asylum and other protections from removal and class members have a private right of action to challenge violations of their right to apply for asylum under 8 U.S.C. § 1158(a). *See Ms. L.*, No. 18-cv-428 (S.D. Cal.), Dkt. 1, 32, and 85. On June 26, 2018, the *Ms. L.* court certified a nationwide class of migrant parents separated from their children and also granted a class-wide preliminary injunction motion that was based on the plaintiffs' claim that the federal government's separation of children from their parents violated the Fifth Amendment. *Ms. L.*, No. 18-cv-428 (S.D. Cal.), Dkt. 82–83. In granting class relief, and as relevant here, the court's preliminary injunction order requires that class members be reunified with their children within 14 days of the court's order for children under 5, and within 30 days of the court's order for all other children. The order also bars future separations without certain findings, and bars removals prior to reunification.

The federal government is in the process of implementing the relief required by the *Ms. L.* court's order. *See Ms. L.*, No. 18-cv-428 (S.D. Cal.), Dkt. 86, 88. To that end, the *Ms. L.* court held a series of status conferences on July 6, 9, and 10, where the parties were required to provide the court with joint status reports. *See Ms. L.*, No. 18-cv-428 (S.D. Cal.), Dkt. 91, 95, 96, 97, 99, 101; *see also* Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery, Appendix A (Dkt. 21-2). On July 10, 2018, the *Ms. L.* court ordered the parties to submit a further joint status report by 3:00 p.m. on July 12, 2018, to "provide an update on Defendants' compliance with the reunification deadline for children under age 5, and a status on the efforts to reunify the remaining members of the Class with their children over age 5." *Ms. L.*, No. 18-cv-428 (S.D. Cal.), Dkt. 101 at 5; Dkt. 21-2. The *Ms. L.* court also ordered the parties to appear at a further status conference on July 13, 2018. *Id.*

## II.   This Case.

The States filed this suit for declaratory and injunctive relief on the same day class-wide relief was granted in *Ms. L.*, June 26. The States bring five claims—three constitutional, two statutory—challenging the separation of alien parents from their children. They allege: (1) that

DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, TRANSFER VENUE, OR, ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

Defendants have committed procedural-due-process violations by separating parents from their children without showing that the parent is unfit or is otherwise endangering the child (Claim I); (2) that Defendants have committed substantive-due-process violations by depriving individuals of their liberty interests without due process of law (Claim II); (3) that Defendants have violated the Fifth Amendment's Due Process Clause's equal-protection component by targeting individuals for discriminatory treatment based on their nationality or ethnicity (Claim III);  (4) that Defendants have violated the APA by applying an arbitrary family-separation policy in a manner that conflicts with existing law (Claim IV); and (5) that Defendants have violated the asylum statute, 8 U.S.C. § 1158, by preventing would-be asylum seekers from presenting themselves at ports of entry (Claim V). *See* Compl. at ¶¶ 342–71. The States are purportedly bringing these claims to protect their own interests and residents as *parens patriae. See* Compl. at ¶ 18. On July 2, less than a week after filing suit, the States moved for expedited discovery and regular status conferences, *see* Dkt. 15.

## ARGUMENT

## I.    Multiple Comity Doctrines Call For Dismissal Of The States' Complaint.

This Court should dismiss the Plaintiffs' Complaint because their claims are identical, or nearly identical, to the claims raised in *Ms. L.*—where another district court has certified a nationwide class and granted class-wide relief. In fact, the Court in *Ms. L.* has already issued a nationwide preliminary injunction enjoining Defendants from detaining adult migrants without their minor children, and requiring Defendants to promptly reunify separated parents and their children. June 26 Order at 23. This relief is identical to much of the relief the States seek here. *See* Compl. at 119–20. Furthermore, fundamental principles of comity and respect for the *Ms. L.* court, which has already grappled with these issues, certified a class, and issued preliminary relief, counsel that this Court should dismiss this action.

### A.    *Dismissal is Appropriate Because the Claims in* Ms. L. *and this Case Overlap, a Class Has Been Certified, and Injunctive Relief Has Issued in* Ms. L.

Dismissal is appropriate here because of the substantial overlap with *Ms. L.* Duplicative litigation is disfavored in the federal courts because of the risk of inconsistent judgments, as well as the waste of the parties' and judicial resources. *See, e.g., Barapind v. Reno*, 225 F.3d 1100, 1109 (9th

DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, TRANSFER VENUE, OR, ALTERNATIVELY, HOLD THE CASE IN ABEYANCE *State of Washington, et al. v. United States, et al.,* Case No. 2:18-cv-00939 (MJP)

U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION, OIL-DCS P.O. BOX 868 BEN FRANKLIN STATION WASHINGTON, DC 20044 TELEPHONE: (202) 305-0106 FACSIMILE: (202) 305-7000

Cir. 2000) ("While no precise rule has evolved, the general principle is to avoid duplicative litigation[.]" (citations omitted)). In achieving the goals of coordination and consolidation of cases that raise the same issues, the Supreme Court has said that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of [duplicative litigation] problems. The factors relevant to wise administration here are equitable in nature." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952). This is particularly so in the context of class actions that have already been certified under Federal Rule of Civil Procedure 23(b)(2), where complete relief is to be granted on a class-wide basis. *See* Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2)'s purpose is to permit *uniform* relief to be granted to the class as a whole, given that "[t]he primary goal[] of class action lawsuits [is] to avoid a multiplicity of actions and the risk of inconsistent or conflicting adjudications," *Newburg on Class Actions* § 10:33 (5th ed.); *see Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 599 U.S. 393, 402 (2010) (Rule 23 is designed to "further procedural fairness and efficiency").

Thus, multiple courts of appeals, including the Ninth Circuit, have upheld dismissals (normally without prejudice) of a case if there is a parallel class action raising the same or substantially similar issues. *See e.g.*, *Crawford*, 599 F.2d at 892–93 (holding that a district court may dismiss "those portions of [the] complaint which duplicate the [class action's] allegations and prayer for relief"); *McNeil v. Guthrie,* 945 F.2d 1163, 1165–66 (10th Cir. 1991) (finding that individual suits for injunctive and declaratory relief cannot be brought where a class action with the same claims exists); *Horns v. Whalen*, 922 F.2d 835, 835 & n.2 (4th Cir. 1991); *Gillespie*, 858 F.2d at 1103 (once a class action has been certified, "[s]eparate individual suits may not be maintained for equitable relief"); *Bennett v. Blanchard,* 802 F.2d 456, 456 (6th Cir. 1986) (affirming dismissal of a case when the plaintiff was a member in a parallel class action); *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982) (since class members generally "cannot relitigate issues raised in a class action after it has been resolved, a class member should not be able to prosecute a separate equitable action once his or her class has been certified"); *accord Newberg on Class Actions* § 10:33 (5th ed.) ("If the goals of the class suit are to be achieved, it is generally beneficial for the multiple related actions to be coordinated or consolidated in some fashion."). Applied to this case, any decision by this Court on the same claims

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

in *Ms. L.* risks the creation of inconsistent judgments, causing confusion and potentially inconsistent treatment among class members, defeating the purpose of uniform prosecution and resolution of these claims via the class action vehicle. *See Pride v. Correa,* 719 F.3d 1130, 1137 (9th Cir. 2013) ("[T]he avoidance of concurrent litigation and potentially inconsistent results justifies dismissal[.]"); *Gillespie*, 858 F.2d 1103 (concluding that allowing individual suits would interfere with the orderly administration of a pending class action and risk inconsistent adjudications).

Plaintiffs in this case raise the following five claims: (1) a violation of the Fifth Amendment, alleging that it is a substantive due process violation for the states' resident parents and minors to be separated from each other "without any showing that the parent is unfit or is otherwise endangering the child"; (2) a violation of the Fifth Amendment, alleging that it is a procedural due process violation to deprive the states' resident parents of a fundamental liberty interest without a hearing; (3) a violation of the Fifth Amendment, alleging a violation of Equal Protection because separating migrant children from their parents while they are being criminally prosecuted "burdens a fundamental right and targets individuals for discriminatory treatment based on their nationality or ethnicity, without lawful justification," and disparately impacts immigrants from Latin America, and is motivated by animus; (4) a violation of the APA alleging that the Policy is arbitrary and capricious; and (5) a violation of the asylum laws, alleging that Defendants are preventing asylum seekers from presenting themselves at ports of entry in order to seek asylum. *See* Compl. at ¶ 342–71. Plaintiffs in *Ms. L.*, raise three claims: (1) that the separation of the class members from their children violates substantive due process and procedural due process under the Fifth Amendment; (2) the separation of class members from their children without any explanation or legitimate justification is arbitrary and capricious and accordingly violates the APA; and (3) separation of families violates federal law that provides for asylum and other protection from removal and class members have a private right of action to challenge violations of their right to apply for asylum under 8 U.S.C. § 1158(a). *See Ms. L.*, No. 18-cv-428, Dkt. 85, at ¶¶ 83–97. Thus, Claims I and II in this case and Claim 1 in *Ms. L.*, alleging violations of Fifth Amendment procedural and substantive due process, are effectively the same. While Claim III in this case is not identical to the claims in *Ms. L.*, it rests on the same theories of due process, and is based on the same underlying facts.

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

Claim IV in this case and Claim 2 in *Ms. L.*, alleging violations of the APA, are also the same. Finally, Claim V in this case and Claim 3 in *Ms. L.* are substantially similar in that both allege federal frustration of the asylum laws with respect to the same set of individuals.

Dismissal is appropriate under these circumstances. The Ninth Circuit has instructed that a district court has inherent power to "choose among its broad arsenal of remedies" when confronted with a situation involving duplicative litigation. It went on to note that "in the interests of efficient and economical administration of justice, and with due deference to a fellow judge handling a prior filed case covering the same issues, our refusal to permit continued litigation in this court was entirely appropriate." *Crawford*, 599 F.2d 892; *accord Newberg on Class Actions* § 10:33 (5th ed.) ("If the goals of the class suit are to be achieved, it is generally beneficial for the multiple related actions to be coordinated or consolidated in some fashion.").

Given the nearly identical nature of the claims, the risk of inconsistent judgments is particularly acute here, especially where the district court in *Ms. L* has already ordered preliminary relief on behalf of the class that includes the people whose interests the States here purport to represent, and Defendants have already undertaken extensive efforts towards compliance with the preliminary injunction order. *See* Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery, Declarations of Jonathan White and David W. Jennings (Dkt. 21-2, 21-3). Further litigation in this Court would only impede the direction of resources toward the expeditious implementation of the *Ms. L.* court's order and the prompt disposition of that case. Additionally, an order from this Court issuing different or conflicting relief for Plaintiffs would further interfere with that litigation, which already provides the individuals the State purports to represent the relief they are seeking from this Court and thus, by hindering that process, would only serve to create unnecessary confusion.

These concerns are only more pronounced, where, as here, a third party purports to represent the interests of the parties *already* litigating the very same claims in a certified class action. Indeed, "a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Kowlaski v. Tesmer*, 543 U.S. 125, 129 (2004). Thus, absent a clear showing that the third party litigant who purports to represent the

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

8

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

interests of another party has "close relationship with the person" whose rights it invokes and a "hindrance" to that person's "ability to protect his own interests," the third party may not invoke the interests of other individuals on their own behalf. *Id.* at 129–30. Here, the individuals whose interests the States purportedly wish to protect are litigating the same issues in the posture of a certified class action seeking the same or similar relief in *Ms. L.* If those individuals could not *themselves* litigate individual claims arising from the same events now being litigated in the *Ms. L.* class (see above), then *a fortiori*, the third-party State Plaintiffs cannot do the same on their own behalf.

Were it otherwise, then the Court would need to join every individual *Ms. L.* class member as an indispensable party. *See* Fed. R. Civ. P. 19(a)(1). Under that rule, a party "must be joined" if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." That is the case here. If every class member in *Ms. L.* is not joined to this suit, then each parent in *Ms. L.* risks being unable to protect his or her own interests or being subject to inconsistent obligations with respect to their rights vis-à-vis their children, depending on the orders of this Court compared to the *Ms. L.* court.

Indeed, the Federal Rules of Civil Procedure call for district courts to join necessary parties, even involuntarily, or to consider dismissing cases when they cannot proceed "in equity and good conscience" without other indispensable parties. *See* Fed. R. Civ. P. 19(b); *see also Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (citing *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005)). And the concern of "equity and good conscience" is even more pressing where, rather than the directly affected persons themselves, third parties are seeking to litigate the same Fifth Amendment, APA, and asylum claims. The Civil Rules contemplate just such a dilemma—providing that the general rules governing indispensable parties and joinder do not apply when, but only when, a class has been certified, Fed. R. Civ. P. 19(d)— confirming the necessity of dismissal of this case in light of the existing *Ms. L* class action. *Cf.*

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

9

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1    Wright & Miller, 7 *Fed. Prac. & Proc. Civ.* § 1626 (3d ed.) ("Without the exception provided by Rule

2    19(d), the utility of the class-action device might be seriously compromised by the joinder

3    requirements in Rule 19."). Thus, where a class action addressing necessary parties already exists,

4    dismissal of the later filed action is appropriate for the same reasons Rule 19 would otherwise

5    require their joinder here, but for the existence of the class action. *See* Fed. R. Civ. P. 19(d).

6         B.    *The First-To-File Rule*

7    Similar principles are at the core of the "first-to-file rule." This is a "doctrine of federal

8    comity [that] permits a district court to decline jurisdiction over an action when a complaint

9    involving the same parties and issues has already been filed in another district." *Apple Inc. v. Psystar*

10   *Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quotation and citation omitted); *see also Smith v. McIver*,

11   22 U.S. (9 Wheat.) 532, 535 (1824) (Marshall, C.J.). The "rule is not a rigid or inflexible rule to be

12   mechanically applied, but rather is to be applied with a view to the dictates of sound judicial

13   administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Thus, strict

14   identity of the parties and identical issues in the cases are not required. Instead, the two cases must

15   be "substantially similar." *See Music Grp. Servs. US, Inc. v. InMusic Brands, Inc.*, No. 13-cv-182, 2013

16   WL 1499564, at *2 (W.D. Wash. Apr. 11, 2013) (Pechman, J.). Moreover, "the form of relief sought

17   does not determine the 'similitude' of the issues." *Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar.*

18   *Co.*, No. 06-cv-1254, 2006 WL 3499342, at *2 (W.D. Wash. 2006). Boiled down, the first-to-file rule

19   applies if two matters exhibit chronology, similar parties, and similarity of issues. *See Alltrade, Inc. v.*

20   *Uniweld Prods.*, Inc., 946 F.2d 622, 625–27 (9th Cir. 1991). All three are present here.

21   First, the chronology of the actions supports transfer because the *Ms. L* class action was

22   filed nearly five months ago. *See Intersearch Worldwide v. Intersearch Grp.*, 544 F. Supp. 2d 949, 958

23   (N.D. Cal. 2008) (noting how "the focus is on the original complaint, not any amended

24   complaints"). Second, there is substantial similarity between the parties given how a nationwide

25   class has already been certified in *Ms. L* to cover the *same* individuals whose rights the States wish

26   to vindicate, as well as the fact that the Defendants are practically identical. *Cf. InMusic Brands*, 2013

27   WL 1499564, at *2 ("The requirement of similar parties is satisfied if the parties are substantially

28   *similar* … not identical." (emphasis added)).

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

10

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

Finally, since the original complaint in *Ms. L* was filed in February, the plaintiffs in that case have always sought to include practically the same challenges that are being brought by the States. *Compare Ms. L*, No. 18-cv-428, Complaint (Dkt. 1), at ¶¶ 60–75; *with Ms. L*, No. 18-cv-428, Second Amended Complaint, Dkt. 85, at ¶¶ 83–97. The *Ms. L* complaints have focused on the same central disputes involved in this case: alleged violations of the Fifth Amendment, Compl. at ¶¶ 342–58, the APA, *id.* at ¶¶ 359–68, and the asylum statutes, *id.* at ¶¶ 369–71. Given the substantial similarity between the subject matters, any decision by this Court risks creating inconsistent judgments, causing confusion and potentially inconsistent treatment among the *Ms. L* class members, and defeating the purpose of uniform prosecution and resolution of such class actions. *See Gillespie*, 858 F.2d at 1103. That is underscored by how the *Ms. L* court has already ordered preliminary relief on behalf of the class that includes the people whose interests the States here purport to represent, and Defendants have already undertaken extensive efforts towards compliance with the preliminary injunction order. *See* Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery, Declarations of Jonathan White and David W. Jennings (Dkt. 21-2, 21-3). An order from this Court issuing different or conflicting relief for Plaintiffs would only interfere with the orderly administration of justice.

C.      Colorado River *Abstention*

A similar analysis holds under the Supreme Court's decision in *Colorado River*. 424 U.S. at 817; *see also Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Although *Colorado River* abstention in its technical sense arises when federal litigation parallels earlier filed state court litigation, its *reasoning* applies with even more force where federal litigation follows and parallels earlier filed federal cases. *See, e.g.*, *O'Neill v. United States*, 50 F.3d 677, 688 (9th Cir. 1995) (citing *Colorado River* and explaining that "[w]here the question of abstention arises among federal courts, judicial economy is a primary consideration," and noting that "the propriety of a federal district court declining to decide an issue which will be decided in a parallel federal district court proceeding" is more permissive than when federal and state litigation exists in parallel). Considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may counsel granting a stay when there are concurrent proceedings

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

11

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

involving the same matter. *Colorado River*, 424 U.S. at 817. And much like the first-to-file rule, the initial question whether to apply the *Colorado River* doctrine is whether the two cases are substantially similar. Substantial similarity does not mean that the cases must be identical. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989) (holding that "exact parallelism" between the two actions at issue are not required under the *Colorado River* doctrine). Instead, a dispositive factor against dismissal or stay in the *Colorado River* analysis is the existence of a substantial doubt as to whether the parallel proceedings will resolve the instant action. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 913 (9th Cir. 1993); *see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 28 (1983).

As discussed above, however, there is considerable overlap between the issues and individuals involved in this case with *Ms. L.* And given that a nationwide class has now been certified in *Ms. L.*, it is difficult to conceive of how the resolution in that case would not resolve questions on the matters (that is, the Fifth Amendment, the APA, and the asylum statutes) presented by the States here. In such circumstances, the *Colorado River* doctrine calls for the later-filed case to not proceed in parallel to the first filed case. *See TK v. Stanley*, No. 16-cv-5506, 2017 WL 2671295, at *5–6 (W.D. Wash. June 21, 2017) (staying case to allow the previously filed parallel case to proceed).[4]

## II.   This Case Should Be Transferred To The Southern District Of California Pursuant To 28 U.S.C. § 1404(a).

Alternatively, the considerable overlap between this case and *Ms. L.* would support transferring the case to the Southern District of California under 28 U.S.C. § 1404(a). To begin with, it is indisputable that this case "might have been brought." in the Southern District of California. 28 U.S.C. § 1404(a). Indeed, one of the Plaintiffs here *is* the State of California, and given that it is one of the States along the continental United States' southern border, "a substantial

---

[4]  Even were dismissal outright not appropriate, under these same abstention principles, transfer of proceedings or a stay would be appropriate. *See, e.g. Chromologic LLC v. Yang*, No. 13-cv-1575, 2013 WL 12125537, at *3 (C.D. Cal. May 9, 2013) ("As part of its general power to administer its docket, a district court may *stay* or *dismiss* a suit that is duplicative of another federal court suit." (emphasis added)); *Aliphcom v. Wi-LAN Inc.,* No. 10-cv-2337, 2010 WL 4699844, at *3 (N.D. Cal. Nov. 10, 2010) (transfer). *See infra* at 13–17.

DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, TRANSFER VENUE, OR, ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

12

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

part of the events or omissions giving rise to the [plaintiffs'] claim[s] occurred" there, 28 U.S.C. § 1391(b)(2). *See* Compl. at ¶¶ 247, 251. This action consequently "might have been brought" in the Southern District of California and "[t]hus, the [real] issue before the Court is whether the Court should exercise its discretion to transfer the case for the convenience of the parties and witnesses, and in the interest of justice." *Vernon v. Qwest Comms. Int'l, Inc.*, 643 F. Supp. 2d 1256, 1269–70 (W.D. Wash. 2009). Practically all of these convenience factors favor transfer.

District courts may consider the following convenience factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). And these convenience factors developed because Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens. Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Applied here, the *Jones* convenience factors favor transferring this case because almost all of the plaintiffs and actions have "little connection with the chosen forum" meaning that "less deference is accorded [to their] choice, even if [a single] plaintiff is a resident of the forum." *Vernon*, 643 F. Supp. 2d at 1260.

The first factor to consider under *Jones* concerns the location of the relevant transaction or occurrence. *See* 211 F.3d at 498. This factor favors transfer. The Western District of Washington is not the location of a substantial portion of the events giving rise to the States' complaint. *See, e.g.*, *Lamont v. Haig*, 590 F.2d 1124 (D.C. Cir. 1978). "To determine whether a substantial part of the events giving rise to the claim occurred in the forum, the court first considers what acts or omissions by the defendants give rise to the plaintiffs' claims." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 752 (N.D. Cal. 2015); (alteration and citation omitted). After "identif[ying] the alleged wrongful acts, the court must determine whether a substantial part of those acts took place in the forum." *All. for Multilingual Multicultural Educ. v. Garcia,* No. 11-cv-215,

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

13

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1   2011 WL 2532478, at *7 (N.D. Cal. June 24, 2011) (citing *Daniel v. Am. Bd. of Emergency Med.*, 428

2   F.3d 408, 432 (2d Cir. 2005) and *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003)).

3   Here, the only asserted connection to this judicial district is an allegation that persons temporarily

4   detained at "SeaTac, which is located in King County" may have been affected by the policy to

5   prosecute persons entering the United States illegally pursuant to 8 U.S.C. §§ 1325 and 1326, as well

6   as an allegation that children may be detained within Seattle. *See* Compl. at ¶ 17. This has nothing to

7   do with the States' allegations against where the locus of the events giving rise to Plaintiffs' claims

8   may have occurred. As the Complaint demonstrates, the States challenge immigration policies that

9   were implemented along the United States' southern border with Mexico. *See id.* at ¶ 41. The "zero

10  tolerance policy" of prosecutions that the States reference and the separations of family units that

11  occurred as a consequence occurred along the southern border in judicial districts such as the

12  Southern District of California. *See id.* at ¶ 55–56. Indeed, the asylum-based claims that the States

13  invoke occurred directly and exclusively at the border, such that the Southern District of California

14  would plainly serve as the appropriate forum to consider those claims. *See, e.g.*, *id.* at ¶ 58.

15      Although the second *Jones* factor (familiarity with state law) is largely inapplicable here, the

16  scattered nature of the States' alleged harm undermines the third *Jones* factor of favoring a plaintiff's

17  chosen forum. Simply put, the States' Complaint contains no allegations of any particularized

18  interest of either the parties or subject matter within the Western District of Washington. If

19  anything, virtually all of the same issues have been intensely focused on for five months within the

20  Southern District of California. *Cf. Vernon*, 643 F. Supp. 2d at 1271 ("Plaintiffs have alleged a multi-

21  state class action lawsuit across fourteen states. That two of the three named plaintiffs … call

22  Washington home is given little weight in the Court's transfer analysis because what is convenient

23  for them is not necessarily convenient for … other non-Washington members of the putative

24  class."). This "considerably weaken[s]" the States' choice of forum here in the Pacific Northwest.

25  *Italian Colors Rest. v. Am. Express Co.*, No. 03-cv-3719, 2003 WL 22682482, at *3 (N.D. Cal. Nov. 10,

26  2003) ("[W]here there are hundreds of potential plaintiffs, ... all of whom could with equal show of

27  right go into their many home courts, the claim of any one plaintiff that a forum is appropriate

28  merely because it is his home forum is considerably weakened."); *Stay-Dri Continence Mgmt. Sys.*,

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

14

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1    *LLC v. Haire*, No. 08-cv-1386, 2008 WL 4304604, at *2 (E.D. Cal. Sept. 10, 2008). Indeed, this

2    undermines the States' argument of substantial contacts under the fourth and fifth *Jones* factors,

3    which concern the contacts of the respective parties and the relationship of their cause of action to

4    the chosen forum.

5           Finally, the remaining *Jones* factors support transfer because they concern more practical

6    circumstances such as "(6) the differences in the costs of litigation in the two forums, (7) the

7    availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8)

8    the ease of access to sources of proof." 211 F.3d at 498–99. In light of how much farther *Ms. L.*

9    has progressed, it would be far more practical to litigate the same issues in the same forum. And

10   here again, this is the problem with the diffuse nature of the States' alleged harm, which dictates

11   that multiple federal districts *could* provide for an appropriate venue, but never takes into account

12   the tremendous efforts that are already underway in *Ms. L.* Indeed, it is undisputed that the vast

13   majority of the plaintiffs "ha[ve] no contacts relating to the claims in Washington." *Vernon*, 643 F.

14   Supp. 2d at 1272. Instead, almost all of the discovery costs, witnesses, and sources of proof will be

15   found all around the United States. In such circumstances, judicial economy favors transfer. *See SZ*

16   *DJI Tech. Co. Ltd. v. Autel Robotics USA LLC*, No. 17-cv-776, 2018 WL 1014614, at *1 (W.D. Wash.

17   Feb. 22, 2018).

18   **III.    This Case Should Be Held In Abeyance Pending The Disposition Of *Ms. L.***

19          **And Threshold Issues.**

20          Finally, consideration of the traditional stay factors warrants a stay of district court

21   proceedings in this case pending the resolution of *Ms. L.* "The District Court has broad discretion

22   to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S.

23   681, 706 (1997). That power applies "especially in cases of extraordinary public moment," when "a

24   plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its

25   consequences if the public welfare or convenience will thereby be promoted." *Id.* at 707. The Ninth

26   Circuit has described factors to consider when evaluating a motion to stay:

27

28

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE                          15
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1
2
3
4
5

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

6    *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As discussed above regarding *Colorado River*,

7    courts frequently grant stays when resolution of another action may "bear upon the case," because

8    a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]" *Leyva v.*

9    *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Chromologic*, 2013 WL

10   12125537, at *3. As discussed above, there are serious prudential reasons why "the orderly course

11   of justice" would be served by allowing *Ms. L.* to proceed expeditiously and having this case

12   "complicat[e the] issues, proof, and questions of law" that the *Ms. L.* court is currently considering.

13   *CMAX*, 300 F.2d at 268.

14          A stay would be equally beneficial when the States' standing to sue is in question. *See, e.g.*,

15   *Horowitz v. Sulla*, No. 13-cv-0500, 2014 WL 1048798, at *10 (D. Haw. Mar. 14, 2014) (granting

16   motion to dismiss for lack of jurisdiction and noting how, before deciding upon a motion for

17   summary judgment, the court had "ordered that all other motions be held in abeyance until the

18   issue of federal jurisdiction was resolved"); *see also* Defendants' Opposition to Plaintiffs' Motion for

19   Expedited Discovery, at 6–10 (Dkt. 21). As a unanimous Supreme Court explained just last month,

20   "a plaintiff seeking relief in federal court must first demonstrate that he has standing to do so,

21   including that he has 'a personal stake in the outcome,' distinct from a 'generally available grievance

22   about government[.]' That threshold requirement 'ensures that we act *as judges,* and do not engage in

23   policymaking properly left to elected representatives.'" *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018)

24   (emphasis in original) (quoting *Baker v. Carr,* 369 U.S. 186, 204 (1962); *Lance v. Coffman,* 549 U.S.

25   437, 439 (2007) (per curiam); and *Hollingsworth v. Perry,* 570 U.S. 693, 700 (2013), respectively); *see*

26   *also Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established … that before a federal

27   court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the

28   court must establish the requisite standing to sue."); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

16

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1  (1868) ("Without jurisdiction the court cannot proceed at all in any cause."); *Norwood v. Cate*, 2014

2  WL 37241, at *8 n.2 (E.D. Cal. Jan. 6, 2014) ("Standing must be determined in order to establish

3  jurisdiction of the Court to hear the case and reach the merits."). Thus, as a matter of law, it is

4  important that the jurisdictional issues raised in the Defendants' Opposition to Plaintiffs' Motion

5  for Expedited Discovery be resolved before anything else.

6      Moreover, swiftly proceeding to the merits or forcing the Defendants to engage in

7  extremely costly discovery when serious threshold jurisdictional issues exist is an inefficient use of

8  the Court's and parties' time and resources. And a ruling favorable to the *Ms. L.* plaintiffs on their

9  efforts to obtain relief could obviate the need for this Court to even consider the Plaintiffs' case,

10  and render useless any prior briefing on those issues. Under these circumstances, the Court should

11  simply defer this case until 30 days after the *Ms. L.* case is resolved.[5]

12  ## CONCLUSION

13      For the foregoing reasons, this Court should grant Defendants' motion and dismiss. If the

14  Court concludes that dismissal is not warranted, then the Court should transfer this case to the

15  United States District Court for the Southern District of California. Finally, even if the Court

16  concludes that neither dismissal nor transfer is warranted, the Court should hold this case in

17  abeyance pending the disposition by the Southern District of California in *Ms. L.*

18  //

19  //

20

21

22

23

24

25

26  [5]   This same concern with duplicative litigation and discovery costs is reflected by the discovery requested by the States

27  with respect to Claim V and the pending litigation in *Al Otro Lado Inc. v. Nielsen*, No. 17-cv-2366 (S.D. Cal.). *See* Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery, at 10–12 (Dkt. 21). These concerns present an

28  independent basis to hold at least Claim V in abeyance even if the Court does not dismiss, transfer, or hold in abeyance all of the claims.

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

17

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1
2

DATED: July 11, 2018

CHAD A. READLER
Acting Assistant Attorney General

3
4

AUGUST E. FLENTJE
Special Counsel to the Ass't Attorney General

5
6

WILLIAM C. PEACHEY
Director

7

EREZ REUVENI
Assistant Director

8
9

NICOLE N. MURLEY
Trial Attorney

10
11
12
13
14
15
16

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
joshua.press@usdoj.gov

17
18

*Attorneys for the United States of America*
*and the Federal Defendants*

19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

18

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the U.S. District Court for the Western District of Washington's Electronic Document Filing System (ECF), which will serve a copy of this document upon all counsel of record.

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division

DEFENDANTS' MOTION TO DISMISS, OR,
ALTERNATIVELY, TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE CASE IN ABEYANCE
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

19

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON, *et al.*,

              Plaintiffs,

     v.

UNITED STATES OF AMERICA, *et al.*,

              Defendants,

No.   2:18-cv-0939 (MJP)

**[PROPOSED] ORDER ON
DEFENDANTS' MOTION TO
DISMISS, OR, ALTERNATIVELY,
TRANSFER VENUE, OR,
ALTERNATIVELY, HOLD THE
CASE IN ABEYANCE**

     Before the Court is Defendants' Motion to Dismiss, or, Alternatively, Transfer Venue, or, Alternatively, Hold the Case in Abeyance. Having considered the motion, Plaintiffs' response, any reply, and oral argument, if any, the Court now GRANTS the motion and TRANSFERS the case to the Southern District of California.

Dated: July _____, 2018

                                      _____
                                      HONORABLE MARSHA J. PECHMAN
                                      United States District Judge

28

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO TRANSFER
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

Presented by:

CHAD A. READLER
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

NICOLE N. MURLEY
Trial Attorney

JOSHUA S. PRESS
Trial Attorney

United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
joshua.press@usdoj.gov

*Attorneys for the United States of America
and the Federal Defendants*

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO TRANSFER
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000