1

The Honorable Marsha J. Pechman

2

3

4

5

6        **UNITED STATES DISTRICT COURT**
         **WESTERN DISTRICT OF WASHINGTON**
7                  **AT SEATTLE**

8    STATE OF WASHINGTON, et al.,          NO. 2:18-cv-00939-MJP

9                   Plaintiffs,            STATES' OPPOSITION TO
                                           DEFENDANTS' MOTION TO
10          v.                             RE-NOTE/NOTE ALL PENDING
                                           MOTIONS FOR THE SAME DATE
11   THE UNITED STATES OF AMERICA;         AND CONSOLIDATE FOR ORAL
     DONALD TRUMP, in his official capacity as   ARGUMENT
12   President of the United States of America,
     et al.,                               NOTING DATE: JULY 20, 2018
13
                    Defendants.
14

15

16

17

18

19

20

21

22

23

24

STATES' RESPONSE TO                      1        ATTORNEY GENERAL OF WASHINGTON
MOTION TO RE-NOTE/NOTE ALL                           800 Fifth Avenue. Suite 2000
PENDING MOTIONS FOR SAME DATE                          Seattle, WA  98104-3188
2:18-cv-00939-MJP                                          (206) 464-7744

# I.      INTRODUCTION

The States urge the Court to deny Defendants' request to re-note the hearing date on the States' Motion for Expedited Discovery.  Dkt. 15.  For all of the reasons set out in that Motion, which is fully briefed and ready for the Court's review, further delay will only exacerbate the ongoing harms Defendants' practices inflict on the States and their residents.  Defendants' unrelated motion to dismiss or transfer (Dkt. 22) is properly noted as a fourth Friday motion, and the States will vigorously oppose that motion in due course.  There is no legitimate basis to continue the States' pending Motion in deference to the Defendants' ill-conceived request to transfer this case elsewhere, stay it, or dismiss the lawsuit altogether.

# II.      ARGUMENT

As explained in the States' Motion for Expedited Discovery (Dkt. 15), time is of the essence because the States are challenging unconstitutional and harmful misconduct, but may lose access to key witnesses and evidence due to the immediate movement of separated parents and children across the nation and internationally.  Defendants' own rapidly changing policies and practices make them difficult to document as time passes.  Delay will only prejudice the States.

Contrary to Defendants' suggestion, the motions are not so interrelated that they must be heard together simply because Defendants' primary basis for resisting discovery is that they would rather have the case transferred, stayed, or dismissed.  Defendants cite no authority for their position that a motion to dismiss should be decided prior to a motion for expedited discovery, especially where—as here—the States seek discovery precisely to better understand the impact Defendants' misconduct has had on the States.  *See* Dkt. 23 at 3 (arguing that "States' standing is relevant to the disposition of their motion for expedited discovery" and thus the motion

STATES' RESPONSE TO
MOTION TO RE-NOTE/NOTE ALL
PENDING MOTIONS FOR SAME DATE
2:18-cv-00939-MJP

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   for expedited discovery "should not be considered before the court rules on standing.").  To the

2   contrary, the "good cause" test for expedited discovery does not overlap with standards governing

3   motions to dismiss. *See, e.g.*, *Music Group Macao Commercial Offshore Limited*, 2014 WL

4   11010724 at *2 (good cause exists where there is a danger responding party will not preserve

5   relevant information).  Indeed, courts can and have allowed expedited discovery notwithstanding a

6   pending motion to dismiss. *OMG Fidelity, Inc. v. Sirius Tech., Inc.*, 239 F.R.D. 300, 304-05

7   (N.D.N.Y. 2006) (ordering pre-answer, pre-conference discovery during the pendency of motion

8   to dismiss).

9          Defendants' assertion that allowing this case to proceed would somehow "interfere with

10  the orderly administration of the *Ms. L* class action, its injunction, and potentially risk inconsistent

11  adjudications and obligations tied to the same claims," is equally misplaced. Dkt. 23 at 3. This

12  speculation is unwarranted, as the States have no interest in disrupting the reunification efforts

13  required by the *Ms. L* Order. More importantly, litigation in another judicial district that touches on

14  the same misconduct does not bar expedited discovery elsewhere, where the parties, claims, and

15  relief sought are different and broader. Indeed, even if they were identical, courts have and can

16  allowed parallel proceedings to go forward. *See New York v. Pruitt*, No. 18-cv-1030, 2018 WL

17  2411595, at *4 (S.D.N.Y. May 29, 2018) ("[W]e should not automatically assume that it is better

18  for a nationwide issue to be decided by a single court," because "[i]t is a bedrock principle of

19  our federal court system that the adjudication of novel and difficult issues of law is best served

20  by letting questions percolate among the lower federal courts").[1]

21  _____

22  [1] For example, District Courts for Western Washington, California, D.C, and Maryland issued preliminary
    injunctions suspending the U.S.'s transgender military ban in whole or in part. *Karnoski v. Trump*, No. C17-1297-
    MJP, 2017 WL 6311305 (W.D. Wash. Dec. 11, 2017); *Stockman v. Trump*, 2017 WL 9732572 (C.D. Cal. Dec. 22,
23  2017); *Doe 1 v. Trump*, 2017 WL 4873042 (D.D.C. Oct. 30, 2017); *Stone v. Trump*, 2017 WL 5589122 (D. Md.
    Nov. 21, 2017). Likewise, courts in three consolidated actions issued overlapping injunctions halting the U.S.'s
    termination or phase out of the Deferred Action for Childhood Arrivals (DACA) program. *Batalla Vidal v. Nielson*,

24

STATES' RESPONSE TO                          3
MOTION TO RE-NOTE/NOTE ALL                                       800 Fifth Avenue. Suite 2000
PENDING MOTIONS FOR SAME DATE                                   Seattle, WA  98104-3188
2:18-cv-00939-MJP                                                   (206) 464-7744

1

### III.    CONCLUSION

2          For all of these reasons, as well as those set out in their Motion for Expedited Discovery,

3   the States respectfully request that the Court deny Defendants' Motion to Re-Note (Dkt. 23).

4          DATED this 13th day of July, 2018.

5                                                  ROBERT W. FERGUSON
                                                   Attorney General
6

7                                                  */s/ Rebecca Glasgow*
                                                   REBECCA GLASGOW, WSBA #32886
8                                                  Deputy Solicitor General
                                                   NOAH G. PURCELL, WSBA #43492
9                                                  Solicitor General
                                                   COLLEEN M. MELODY, WSBA #42275
10                                                 Civil Rights Division Chief
                                                   LAURA K. CLINTON, WSBA #29846
11                                                 MEGAN D. LIN, WSBA #53716
                                                   Assistant Attorneys General
12                                                 Attorneys for Plaintiff State of Washington

13

14

15

16

17

18

19

20

21

22

23   ───────────────────
     1:16-cv-04756 (E.D.N.Y.), Dkt. 208; *Regents of the University of California v. DHS*, No. 3:17-cv-05211 (N.D.
24   Cal.), Dkt. 234; *NAACP v. Trump*, 1:17-cv-01907 (D.D.C.), Dkt. 23.

**DECLARATION OF SERVICE**

I hereby certify that on July 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document upon all counsel of record.

DATED this 13th day of July, 2018, at Olympia, Washington.

*/s/ Rebecca Glasgow*
REBECCA GLASGOW
Deputy Solicitor General

STATES' RESPONSE TO
MOTION TO RE-NOTE/NOTE ALL
PENDING MOTIONS FOR SAME DATE
2:18-cv-00939-MJP

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744