1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON, *et al.*,

                Plaintiffs,

     v.

UNITED STATES OF AMERICA, *et al.*,

                Defendants.

No. 2:18-cv-0939 (MJP)

**DEFENDANTS' NOTICE OF**
**SUPPLEMENTAL AUTHORITY**

Noted For Consideration:
August 3, 2018

Oral Argument Requested

DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

Defendants, by and through undersigned counsel, respectfully submit this Notice of Supplemental Authority to bring the Court's attention to the July 19, 2018 decision by the United States District Court for the Southern District of New York in *N.T.C. v. ICE*, No. 18-cv-6428, Dkt. 20, slip op. (S.D.N.Y. July 19, 2018) (Exhibit 1). The court in *N.T.C.* addressed whether a putative class action "brought on behalf of children who were separated from their parents and are now being held in New York State" should be able to "seek to ensure that each class member has a meaningful opportunity to pursue asylum[.]" *Id.* at 2. Recognizing the substantive overlap with *Ms. L. v. ICE*, No. 18-cv-428 (S.D. Cal.), Judge Furman "conclude[d] for several reasons that Plaintiffs' claims should be transferred to the Southern District of California to be considered in conjunction with the claims in *Ms. L.*" *Id.* at 3. Notably, Judge Furman's opinion affirms many of the same arguments made in Defendants' Motion to Transfer Venue (Dkt. 22):

> *First*, the … two cases concern the same families: Plaintiffs in this case seek relief on behalf of children whose parents are class members in *Ms. L.* (*Compare* Order, *Ms. L.*, ECF No. 82, at 17, *with* Compl., ¶ 66). *Second*, the relief Plaintiffs seek in this case is, at bottom, directly related to the reunification process being supervised by Judge Sabraw. In essence, Plaintiffs here contend that they have rights and interests distinct from the rights and interests of their parents and that the reunification process, and Judge Sabraw's own orders, do not adequately take their distinct rights and interests into account. That may or may not be the case, but Judge Sabraw is in a better position than this Court to decide those questions and to modify his own orders if appropriate. And *third*, in the absence of a single judge presiding over both cases, there is a real risk of inconsistent decisions and conflicting orders — a particularly intolerable risk given the gravity and urgency of the issues in these cases (and the prospect of similar litigation being filed in other states where children separated from their parents are being held).

*Id.* at 3–4.

This same reasoning applies where the Plaintiff States seek to pursue many of the exact same remedies and develop the same legal theories that are currently being litigated before Judge Sabraw in *Ms. L.* If anything, the case for transfer is even strong here. In *N.T.C.*, there was at least a distinction between the interests of the children and those of their parents. In this case, the States' interests are fully derivative of the parents and children, both of whom are now before the *Ms. L.* court. Recognizing that permitting the putative class action in *N.T.C.* to

DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

- 1 -

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

continue in parallel to *Ms. L.* would lead to duplicative litigation, wastefulness, and potential for conflicting court orders, Judge Furman concluded that "the inconvenience to Plaintiffs … is *vastly* outweighed by the interests of justice, fairness, efficiency, and avoidance of conflict advanced by having a single judge presiding over both cases," and ordered the case transferred. *Id.* at 4 (emphasis added). The inconvenience here is of course even less since one of the Plaintiffs is the State of California.

There is consequently no reason why the States' case should be treated differently from *N.T.C.*'s putative class of children—whose interests the States ostensibly wish to protect.

Respectfully submitted,

DATED: July 19, 2018

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

NICOLE N. MURLEY
Trial Attorney

*/s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
joshua.press@usdoj.gov

*Attorneys for the United States of America*
*and the Federal Defendants*

DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-00939 (MJP)

- 2 -

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the U.S. District Court for the Western District of Washington's Electronic Document Filing System (ECF), which will serve a copy of this document upon all counsel of record.

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division

DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL-DCS
P.O. BOX 868 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 305-0106
FACSIMILE: (202) 305-7000