The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

STATE OF WASHINGTON, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

No. 2:18-cv-0939 (MJP)

[DRAFT] **STIPULATED PROTECTIVE ORDER**

Judge: Hon. Marsha J. Pechman

1.      PURPOSES AND LIMITATIONS

Discovery in this action, including the upcoming expedited discovery, is likely to involve production of confidential, proprietary, for official use only, law enforcement sensitive, personally identifiable, or other private or legally protected information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties state that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL INFORMATION"

As used in this Protective Order, the term "Confidential Information" constitutes the following:

(a) an individual's social security number, tax identification number, alien registration number ("A number"), passport numbers, driver license numbers, and any similar numbers assigned to an individual by a federal/national, state, or local government of the United States or any other country;

(b) names, locations of, and any other identifying information which would allow the identification of the particular individual(s) to whom the information relates, or testimony on the record, of individuals who are not parties or witnesses to this litigation;

(c) birth dates;

(d) any information that is protected or restricted from disclosure by state or federal statute or regulation, but which the Court may order to be produced, such as information protected by the Privacy Act, 5 U.S.C. § 552a, and other statutes or regulations that may prevent disclosure of specific alien information, including but not limited to, 8 U.S.C. §§ 1160(b)(5), (6); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 22 U.S.C. § 7105(c)(1)(C), 8 C.F.R. §§ 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(iii), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either

party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

(e) photographs and fingerprints of individuals;

(f) names of any individuals known to be under 18 years of age;

(g) any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2 and LCR 5.2(a); and

(h) all other protected documents, information or tangible things not identified above which the Parties agree in writing or which the Court orders as qualifying for protection under Federal Rule of Civil Procedure 26(c).

If a designating party determines that information not described in this paragraph should be designated "Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. If the parties are unable to resolve the dispute within 14 calendar days, the designating party shall designate the material as containing "Confidential Information" and produce it. The receiving party can then challenge the confidentiality designation(s) pursuant to Section 6 of this Stipulated Order.

Information that is publicly available and information that does not permit the identification of the particular individuals to whom the information relates is not considered "Confidential Information."

3.    SCOPE

The protections conferred by this Stipulated Order cover not only those portions of any documents containing Confidential Information (as defined above), but also (a) any information copied or extracted from those portions of any documents containing Confidential Information; (b) all copies, excerpts, summaries, charts, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

4.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

4.1    Basic Principles. A receiving party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(a) Counsel of Record in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any Counsel of Record, support staff, or other employees cease to represent a party in this action for any reason, such counsel shall no longer have access or be authorized to receive any Confidential Information;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(c) any experts or consultants retained for this action by counsel to a party or support staff or employees for such an expert or consultant with an appropriate need to know;

(d)  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know;

(f) during their depositions, witnesses in the action with an appropriate need to know. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential information must be marked by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Order;

(g) the Court and its personnel, including court reporters;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

(i) copying or imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information

All persons listed in subparagraphs 4.2(b)–(g) to whom Confidential Information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as EXHIBIT A. This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel.

4.3     Filing Confidential Information. A Party that wishes to file Confidential information shall redact all information as required under LCR 5.2 prior to filing. Confidential Information not covered by LCR 5.2 shall either be redacted or filed under seal. If either party wishes to file documents containing Confidential Information under seal, the other party hereby stipulates to such motion, except as set forth below. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file materials under seal; provided, however, that this Stipulated Order satisfies the parties' meet-and-confer requirements with respect to sealing documents containing the Confidential Information identified in paragraph 2 of this Stipulated Order.

If the Court denies any motion to seal filed by either side, the document will remain under seal, but will not be considered by the Court, unless a redacted version of the document is subsequently filed or was contemporaneously filed with the document under seal.

4.4     Filing Motions, Oppositions, and Replies Under Seal. In the event that either party files a motion, opposition, or reply under seal, the provisions of LCR 5(g)(5) shall apply, except that parties shall have seven (7) days from the date of their under-seal filing to file the redacted versions required under that rule.

4.5     Use Of Information Subject To Protective Order. Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the

terms of this agreement, for any purpose outside of this litigation or any other proceeding between the parties. Without limiting the generality of the foregoing sentence, no one subject to this Protective Order shall use Confidential Information obtained in this litigation to retaliate against, intimidate, report or refer an individual to any governmental authorities, discriminate against any individual in any manner, or harass any other party or witness, relatives of any other party or witness, including domestic partners of a party or witness; or any individuals associated with the parties in any way. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

5.   DESIGNATION OF CONFIDENTIAL INFORMATION

5.1   Exercise of Restraint and Care in Designating Information for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations: Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (for example, paper or electronic documents

and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within ten days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If a Party inadvertently fails to designate material as "Confidential Information" at the time of production, it shall take reasonable steps to notify all Receiving Parties of its failure within five business days of discovery. The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations, and the receiving party shall return or destroy the original materials, and certify in writing to the Producing Party that such information has been destroyed.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge the designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable and substantial harm, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Challenge to Confidential Designation. The parties reserve the right to file a

motion to unseal or un-redact if either party believes that documents filed under seal or redacted: (a) do not contain Confidential Information identified in paragraph 2 of this Stipulated Order and/or do not meet the applicable legal standard for sealing, and therefore should be neither sealed nor redacted; or (b) do contain Confidential Information identified in paragraph 2 of this Stipulated Order, but should be redacted rather than sealed, or redacted differently. The parties shall make a good faith effort to meet and confer regarding any such proposed motion.

6.3     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires either a face-to-face meeting or a telephonic conference.

6.4     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) Promptly notify the other party in writing and include a copy of the subpoena or court order so that the producing party has sufficient time to commence an action in the appropriate court to enjoin disclosure.

(b) Promptly notify the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Order and provide a copy of this Stipulated Order with that notification;

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party or parties whose confidential information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

(d) Decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who receives "Confidential Information" shall abide by all terms and conditions set forth herein unless otherwise permitted by Court Order.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as EXHIBIT A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

10.    USE OF CONFIDENTIAL INFORMATION

The limitations and restrictions on "Confidential Information" in this Protective Order shall not apply with respect to information:

(a) If it is publicly-available information, whether it becomes public before or after production in this litigation.

(b) If the person to whom the information refers has the legal authority to allow the non-confidential treatment of the information and has affirmatively consented to such non-confidential treatment, and either parties' counsel has stated in writing to the other party that it has received such consent.

(c) If the parties have a dispute arising from the use of public information, the parties agree to resolve the dispute pursuant to Section 6 of this Stipulated Order.

11.   <u>TERMINATION OF LITIGATION AND RETURN OR DESTRUCTION OF DOCUMENTS</u>

Anyone to whom "Confidential Information" has been disclosed in accordance with Section 4 of this Stipulated Order shall maintain "Confidential Information" pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters).

Within ten (10) days after the final disposition of this action, including any and all appeals, all "Confidential Information" and copies thereof shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order or as provided by law. If destroyed, the receiving party shall certify in writing to the producing party that such information has been destroyed.

Notwithstanding this provision, counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of five (5) years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Protective Order. Within ten (10) days after this time period, counsel of record shall destroy all "Confidential Information" and copies thereof, except as this Court may otherwise order or as is required by law.  The receiving party shall certify in writing to the producing party that such information has

been destroyed.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Enforceability Upon Signing</u>. By signing the Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

12.2   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

12.3   <u>Right to Assert Other Objections</u>. By stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order, nor waives any claim or defense in this case. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order, and nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any proceeding related to this Action.

12.4   This order shall constitute a court order authorizing disclosure of information designated as confidential, subject to the protections described herein, for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11) (authorizing disclosure pursuant to the order of a court of competent jurisdiction) and any other state or federal statute or regulation that provides for disclosure pursuant to court order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1     DATED: July 27, 2018              Respectfully submitted,

2                                                CHAD A. READLER

3                                                Acting Assistant Attorney General

4                                                WILLIAM C. PEACHEY

5                                                Director

6                                                EREZ REUVENI

7                                                Assistant Director

8                                                */s/ Joshua S. Press*

9                                                JOSHUA S. PRESS

                                               Trial Attorneys

10                                           United States Department of Justice

                                          Civil Division

11                                          Office of Immigration Litigation

                                          District Court Section

12                                           P.O. Box 868, Ben Franklin Station

                                          Washington, DC 20044

13                                           Phone: (202) 305-0106

14                                           e-Mail: joshua.press@usdoj.gov

15                                           *Attorneys for the United States of America*

16                                           *and the Federal Defendants*

17                                           ROBERT W. FERGUSON

                                          Attorney General

18                                           */s/ Laura K. Clinton*

19                                           LAURA K. CLINTON, WSBA #29846

20                                           Assistant Attorney General

21                                           REBECCA GLASGOW, WSBA #32886

22                                           Deputy Attorney General

23                                           COLLEEN M. MELODY, WSBA #42275

                                          Division Chief, Civil Rights Unit

24                                           NOAH G. PURCELL, WSBA #43492

25                                           Solicitor General

26                                           MEGAN D. LIN, WSBA #53716

27                                           Assistant Attorney General

28                                           *Attorneys for Plaintiff State of Washington*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Washington v. United States*, No. 2:18-cv-939. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
*State of Washington, et al. v. United States, et al.,*
Case No. 2:18-cv-939 (MJP)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the U.S. District Court for the Western District of Washington's Electronic Document Filing System (ECF), which will serve a copy of this document upon all counsel of record.

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division

STIPULATED PROTECTIVE ORDER
*State of Washington, et al. v. United States, et al.*,
Case No. 2:18-cv-00939 (MJP)