UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | CASE NO. C18-939-MJP <br><br> ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, Transfer, or Hold the Case in Abeyance. (Dkt. No. 22.) Having reviewed the Motion, the Response (Dkt. No. 46), the Reply (Dkt. No. 83) and all related papers, and having considered the submissions of the parties at oral argument, the Court GRANTS the Motion to Transfer Venue and TRANSFERS this case to the United States District Court for the Southern District of California to be considered by the Honorable Judge Dana M. Sabraw in conjunction with the related proceedings before him.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE - 1

**Background**

Washington, California, Maryland, Oregon, New Mexico, New Jersey, New York, Iowa, Illinois, Minnesota, Rhode Island, Vermont, North Carolina, Delaware, Massachusetts, Pennsylvania, Virginia, and the District of Columbia (the "States") filed this action on June 26, 2018, challenging the government's "zero tolerance" policy of forcibly separating immigrant families seeking asylum or other means of entry at the U.S.-Mexico border (the "Policy"). (Dkt. No. 1 at ¶ 1.)

The States contend that, as a result of the Policy, they have received and will continue to receive an influx of separated immigrant parents and children. (Id. at ¶ 225.) In this regard, the States claim that the Policy harms their sovereign and proprietary interests by (1) interfering with their licensing authority and rendering them unable to enforce their own legal mandates and public policies favoring family unity and (2) burdening their legal, educational, healthcare, and other state-funded programs and systems. (Id. at ¶¶ 164-173; 225-232.) The States further claim that the Policy harms their quasi-sovereign interests in "protecting the health, safety, and well-being of their residents, including protecting their residents from harms to their physical, psychological, emotional, or economic health." (Id. at ¶ 295.) Accordingly, they bring causes of action for violations of procedural and substantive due process (Counts I and II); equal protection (Count III); the Administrative Procedures Act, 5 U.S.C. § 706(2) (Count IV); and the asylum laws, 8 U.S.C. § 1158 (Count V). (Id. at ¶¶ 342-371.)

On the same day the States' filed this action, Judge Sabraw certified a class and issued a nationwide preliminary injunction requiring the government to reunify separated families by July 26, 2018. See Ms. L. v. U.S. Immigration and Customs Enforcement, 310 F. Supp. 3d 1133,

1149 (S.D. Cal. 2018). That order also precluded future separations without certain findings and precluded parents from being removed prior to reunification. (Id.)

To date, more than 500 children have yet to be reunited with their parents. In many of these cases, parents have either already been removed from the country, or their location within the country is otherwise unknown. (See Ms. L, No. 18-428, Dkt. No. 171 (S.D. Cal. Aug. 2, 2018).) Under Judge Sabraw's supervision, the government is actively working to locate those parents and reunite them with their children.

**Discussion**

Defendants move to dismiss this action, or alternatively, to transfer venue or hold the proceedings in abeyance. (Dkt. No. 22.) Defendants contend that there is a "substantial overlap" between this case and Ms. L, where the class is comprised of the same individuals the States seek to represent as *parens patriae*. (Id. at 4.) The States respond that their "interests, claims, and requested relief are all undeniably broader than those at issue" in Ms. L, and that "the injuries to their proprietary, sovereign, and quasi-sovereign interests are not addressed by a class of separated parents." (Dkt. No. 46 at 6.)

**I. Legal Standard**

A district court may transfer a civil action to another district "[f]or the convenience of the parties and witnesses, in the interest of justice," so long as the transferee district is one where the case "might have been brought." See 28 U.S.C. § 1404(a). Section 1404(a) grants the district court "broad discretion" to transfer cases based upon an "individualized, case-by-case consideration of convenience and fairness." Verint Sys. Inc. v. Envision Telephony Inc., No. 14-1507MJP, 2015 WL 753540, at *2 (W.D. Wash. Feb. 23, 2015) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

## II. Transfer to the Southern District of California

The primary of import of the States' case is to reunite families as expeditiously as possible. As numerous other district courts around the country have recognized, Judge Sabraw has been ably overseeing these efforts. See, e.g., M.M.M. v. Sessions, No. 18-1959PLF, Dkt. No. 25 (D.D.C. Aug. 3, 2018); N.T.C. v. U.S. Immigration and Customs Enforcement, No. 18-6428, Dkt. No. 20 (S.D.N.Y. July 19, 2018); E.S.R.B. v. Sessions, No. 18-6654, Dkt. No. 4 (S.D.N.Y. July 24, 2018).

The Court finds that there is substantial overlap between the States' claims and those being litigated in Ms. L. The Court further finds no reason why the States' case could not have been filed in the Southern District of California, nor why it must remain in the Western District of Washington. While recognizing that the States have raised several claims that are distinct from those in Ms. L, and that transferring this case will cause some inconvenience to the States, the Court is confident that Judge Sabraw will examine those claims and take appropriate steps to mitigate any inconvenience. Much remains to be done, and in the days and weeks ahead, the government must turn all of its efforts to locating and reuniting parents and children who have been separated and potentially harmed by this Policy. Requiring the government to respond to multiple orders by multiple district courts would only stand in the way of these efforts and, this, the Court will not do.

Accordingly, pursuant to 28 U.S.C. § 1404(a), the Court TRANSFERS this case to the Southern District of California, to be assigned to Judge Sabraw.

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated August 8, 2018.

*[signature]*

Marsha J. Pechman
United States District Judge